KLIEBERT, Judge.
This is a suspensive appeal by Kathleen Mathews, wife of/and James Mathews (buyers), plaintiffs, from a judgment dismissing their demand for a rescission of an agreement to purchase real estate and a refund of their deposit. They also appealed the judgment rendered on the reconventional demand of defendants, H.G. Dearie Real Estate, Inc. (real estate agent) and R.J. Gaffney (seller). The latter judgment upheld the agreement sought to be rescinded by the buyers, forfeited the buyers’ deposit and awarded the real estate commission and attorney fees to the agent and attorney for the seller. The issue raised on the appeal is whether the parties were laboring under a mistake of error sufficient to cause a lack of mutual consent and therefore grounds for a rescission of the sale under La. C.C. Article 1821 et seq. The trial judge decided there was no error and we affirm.
On August 7, 1979, buyers and seller entered into an agreement to buy and sell lots 52 through 57 of Square 192, Kenner Project Subdivision, for $43,200.00. At the time of execution the buyers made a deposit of $4,320.00. The sale was to be passed before the buyers’ notary on or before September 20, 1979. However, by mutual agreement, buyers extended the date for the sale to October 19, 1979. When it became apparent the buyers’ notary would not prepare the act of sale, the seller asked his notary to do so. The seller’s notary informed the buyers that he was prepared to pass the sale. On October 17, 1979, the buyers, through their counsel, informed the seller the sale would not be consummated because “a) The zoning of the property is inadequate for the purpose intended, i.e., warehouse; and b) The land is inadequate to support a one story galvanized steel building for use as a warehouse on a slab without 90 to 100 pilings being driven at the premises”.
The agreement to purchase clearly states the property is zoned “C-l” (commercial). Neither party disputes the “C-l” zoning. The buyers, however, contend the real estate agent knew they entered into the agreement to purchase the lots in order to construct a metal building for use as a warehouse. Counsel for the buyers argues that under the zoning ordinance of the City of Kenner, a copy of which was filed in the record, a metal building for use as a warehouse could not be constructed on the lots. Since the prime reason for entering into the contract was to construct a building for use primarily as a warehouse, buyers were laboring under a mistake of fact at the time the agreement to purchase was executed; hence, the contract can be rescinded. Although the legal argument urged by the buyers is a valid one, the facts necessary for its application are not evident here.
The real estate agent and his salesman’s version as to the purpose for which the buyers were acquiring the property is totally different from that of the buyers’. Whereas, the buyers testified the principal contemplated use of the building was warehousing, the real estate agent and his salesman testified the buyers informed them the contemplated use was for office space and sales display with twenty-five percent or less of the building to be utilized for warehousing. Under the permitted uses for C-l classification in the Kenner ordinances, the contemplated use testified to by the buyers, i.e., warehousing, would not be permitted; whereas, under the real estate agent and his salesman’s version of use testified to, the contemplated use, i.e., office space, sales display and not over twenty-five percent warehousing would be permitted. The trial judge accepted the agent’s version and concluded “the contemplated building could have been erected on the lots without any problems”. Additionally, the trial judge concluded the buyers’ failure to go through with the sale was the reason alleged in their petition; that is, once they discovered all the costs involved in erecting the building (including the cost of driving pilings) they decided not to go through with the purchase.
After a careful review of the record, we cannot say the trial judge erred. Pure and simple, the facts necessary to support the buyers’ legal contentions are not in evi *456 dence. Accordingly, the judgment of the trial court is affirmed. All costs of the appeal to be borne by buyers.

AFFIRMED.